## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

---

ROBERT VIGIL,

       Plaintiff,

vs.

CITY OF ESPANOLA, a municipality,
CITY OF ESPANOLA POLICE
DEPARTMENT, RAYMOND
ROMERO, former Chief of Police, an
individual, in individual and official
capacity, SALLY BAXTER, Human
Resources Representative, an individual,
in individual and official capacity, and
MARK TRUJILLO, City Manager, an
individual, in individual and official
capacity,

       Defendants.

No. 1:20-cv-01265-PJK-SMV

---

## MEMORANDUM OPINION AND ORDER

---

       THIS MATTER is before the court on Individual Defendants' (Raymond Romero, Sally Baxter, and Mark Trujillo) Motion to Dismiss Individual Defendants filed December 14, 2020.  ECF No. 3.  Upon consideration thereof, the motion is well taken as to the ADA claims, but not well taken as to the NMHRA claims.  Thus, the motion should be granted in part and denied in part.

       In this removal action, Plaintiff Robert Vigil alleges discriminatory termination

from employment as a City of Espanola police officer.   He claims that various defendants failed to accommodate his disability (Counts 1 (ADA) and 2 (NMHRA)) and discriminated against him based on his disability (Counts 3 (ADA) and 4 (NMHRA)).  In deciding a motion to dismiss, the court inquires whether the complaint contains "sufficient factual matter" to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff concedes, as he must, that the ADA claims at issue here do not allow for individual capacity suits against persons who are not otherwise considered employers. See Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999).  Thus, the ADA claims must run against the employer entity and the court will dismiss the ADA claims to the extent they seek to impose liability on the individual defendants.  Cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989) (noting that a suit against a government official in his or her official capacity is no different than a suit against the entity itself).

As to the NMHRA claims, the Individual Defendants recognize that the NMHRA allows individual capacity claims, but contend that Plaintiff failed to exhaust his administrative remedies by not naming them in the charging document.  Plaintiff has the better argument given Lobato v. State Env't Dep't, 267 P.3d 65 (N.M. 2011), where the New Mexico Supreme Court excused the exhaustion requirement for a plaintiff proceeding without counsel because the charging form only requested the name of the

- 2 -

agency, not the names of individuals.  Id. at 68–69.  Although the Individual Defendants argue that the Plaintiff had consulted a lawyer and should have had counsel submit a formal charge of discrimination in accordance with website directions, the fact remains that the Plaintiff filed the charge pro se.  Moreover, it appears that Plaintiff, while not formally exhausting his NMHRA claims, discussed the substance of his claims with the Individual Defendants, as recounted in a pre-charge letter written by his former counsel. ECF No. 3-3.  So, at the very least, he alerted the Individual Defendants to the problems as he saw them.  See Lobato, 267 P.3d at 69 (noting that Defendants "had at least constructive notice" of their involvement in the allegations).

Defendants contend that Plaintiff has not presented affirmative evidence, such as a sworn affidavit, establishing that he filed his charge pro se.  Although Defendants have brought their motion under Rule 12(b)(6), this is properly understood as a challenge to subject-matter jurisdiction under Rule 12(b)(1).  See Mitchell-Carr v. McLendon, 980 P.2d 65, 71 (N.M. 1999).  Plaintiff will ultimately need to prove the jurisdictional facts by a preponderance of the evidence.  Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992).  However, because this court is deciding the motion based on the submitted materials and without the benefit of a pretrial evidentiary hearing, the Plaintiff need only make a prima facie showing of subject matter jurisdiction.  Id.; see Kibler v. Genuine Parts Co., No. CIV 17-0486, 2017 WL 4410786, *4 (D.N.M. Oct. 2, 2017).  Here, Plaintiff's representations in his response and review of the charge of discrimination form have satisfied the court that this burden was met.

NOW, THEREFORE, IT IS ORDERED that Motion to Dismiss Individual Defendants filed December 14, 2020 (ECF No. 3) is granted insofar as the ADA claims against the Individual defendants are dismissed and is denied insofar as the NMHRA claims against the Individual Defendants.

IT IS FURTHER ORDERED that the Joint Motion to Dismiss Personal Capacity Claims filed January 12, 2021 (ECF No. 8) is declared moot.

DATED this 13th day of January 2021 at Santa Fe, New Mexico.

Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Andrea K. Robeda, YLAW, P.C., Albuquerque, New Mexico for the Defendants Raymond Romero, Sally Baxter, and Mark Trujillo.

Betty Salcedo, Salcedo Law PC, Albuquerque, New Mexico for Plaintiff.