# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

ROBERT VIGIL

    Plaintiff,

v.                                                                  CIV NO. 1:20-cv-1265-PJK-SMV

CITY OF ESPANOLA,
CITY OF ESPANOLA POLICE DEPARTMENT,
RAYMOND ROMERO, SALLY BAXTER,
and MARK TRUJILLO,

Defendants.

## **STIPULATED CONFIDENTIALITY ORDER**

The parties, jointly and through their respective counsel of record, hereby stipulate and agree to the entry of this Stipulated Confidentiality Order ("Order") as follows:

1. As used in this Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** pursuant to the terms of this Order. The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.

2. Any person subject to this Order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this Order.

3. A document or other discovery material may be designated as **"Confidential"** only to the extent to which it consists of or includes any medical, competitive, proprietary, financial, or any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.

4. With respect to the confidential portion of any document or material, other than deposition transcripts and exhibits, the proponent of the confidentiality may designate the document as confidential discovery material by stamping or otherwise clearly marking the document as **"Confidential"** in such a manner that will not interfere with legibility or intelligibility.

5. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question or answer shall be marked **"Confidential"** by the court reporter.

6. Any person or entity who is not a party to this action may designate documents or information produced to a party in this action (regardless of whether the documents or information are being produced voluntarily or pursuant to subpoena), as "Confidential" as defined in this Order and any documents or information so designated shall be subject to all of the terms and conditions of this Order.

7. Where a non-party to this action has been commanded to produce documents or attend a deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure, a Party to this action may request that such documents or deposition testimony be designated as "Confidential" as defined in this Confidentiality Order, so long as timely made. If a timely request has been made, the designated documents or testimony shall be deemed confidential as designated and shall be subject to all of the terms and conditions of this Confidentiality Order.

8. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The documents or material so designated will thereafter be treated as Confidential Discovery Material pursuant to

this Order. Upon receipt of such designation in writing, the parties and any other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Discovery Material and to retrieve the newly designated Confidential Discovery Material from any person or entity who/that is not permitted by this Order to have Confidential Discovery Material.

9. No person subject to this Order other than the designating party shall disclose any Confidential Discovery Material to any other person aside from the following:

(a) counsel for the parties in this action, including any paralegal, clerical, and other staff employed by counsel for work on this action;

(b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order as Exhibit A;

(d) Any person retained by a party to serve as an expert consultant or expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit A;

(e) Insurers adjusters, in-house counsel and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f) Official court reporters; and

(g) The court, mediators, and support personnel.

10. Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses Confidential Discovery Material, shall file such materials separately "under seal" or as otherwise directed by the Court under applicable law, local rule or convention. The party filing such pleading must also file a motion to seal the document.

11. A party to this action may object to a designation at any time by notifying the proponent of the confidentiality in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within ten (10) calendar days of service of the written objection, confer concerning the objection. If the objection is not resolved, the proponent of the confidentiality shall, within ten (10) calendar days of the conference submit the dispute by formal motion and the proponent of the confidentiality shall bear the burden of proof on the issue. If no motion is filed within the stated time period, the Confidential designation will be re-designated or removed as appropriate. Information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is re-designated or ceases to be subject to the protection of this Confidentiality Order, the proponent of the confidentiality shall, at its expense, provide to the other parties to this action one additional copy thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation.

12. The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court.

13. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

14. This Order shall survive the termination of this action. Within a reasonable time following the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the proponent of the confidentiality or destroyed.

15. The Court shall retain jurisdiction until final disposition of this case over all persons and parties subject to this Order to the extent necessary to modify this Order, enforce its obligations, or to impose sanctions for any violation. The Court's jurisdiction will end upon final disposition of this case.

16. Nothing in this Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

17. This Order shall not apply to, or restrict the use of, Confidential Discovery Material offered at the time of trial as evidence. Protection of Confidential Discovery Material at trial may be addressed by the Court as a separate matter upon the motion of any party. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

18. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

19. In any application related to this Order that is brought before the Court or any special master appointed in this matter, the Court or special master may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

20. Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by the DOE, DOD, or any other U.S. government agency, law,

regulation, or other restriction. The parties will familiarize themselves with and comply with all applicable laws, regulations, U.S. government agency orders, and other restrictions pertaining to sensitive and controlled documents or information that are subject to this Order.

_____
HONORABLE STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE

**SUBMITTED BY:**

YLAW, P.C.

*/s/ Andrea K. Robeda*
Andrea K. Robeda
*Attorneys for Defendant*
4908 Alameda Blvd NE
Albuquerque NM 87113
Phone : (505) 266-3995
Fax : (505) 268-6694
arobeda@ylawfirm.com

**APPROVED:**

*Approved via email on 6/22/2021*
Betsy Salcedo
SALCEDO LAW PC
P.O. Box 53324
Albuquerque, NM 87153
(505) 610-6904
Willstandwithyou@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

ROBERT VIGIL

    Plaintiff,

v.                                                       CIV NO. 1:20-cv-1265-PJK-SMV

CITY OF ESPANOLA,
CITY OF ESPANOLA POLICE DEPARTMENT,
RAYMOND ROMERO, SALLY BAXTER,
and MARK TRUJILLO,

Defendants.

## EXHIBIT A TO PROTECTIVE ORDER

I, _____, declare that:

    1. My address is _____.

My current employer is _____.

My current occupation is _____.

    2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

    3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as Confidential Discovery Material that is disclosed to me.

    4. Promptly upon termination of this action, I will return all documents and things designated as Confidential Discovery Material that came into my possession, and all documents

and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed or with whom I primarily was in contact with related to this case.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____